# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Christina Rosen, being sworn, state as follows:

## INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Labor, Office of Inspector General, Office of Investigations ("DOL OIG") in Boston, Massachusetts. My responsibilities as a Special Agent with DOL OIG include investigating fraud, waste, and abuse of Department of Labor programs, employees, and departments. I have been employed by the United States government as a Special Agent since October 2007. I am a graduate of the Criminal Investigator Training Program of the Federal Law Enforcement Training Center in Glynco, Georgia, and have received extensive training in criminal investigation procedures and criminal law. In 2005, I graduated from Northeastern University with a bachelor's degree in criminal justice. In 2006, I graduated from Boston University with a master's degree in criminal justice.

2. During my tenure as a Special Agent, I have conducted investigations of several types of criminal activity, including work visa fraud, unemployment insurance fraud, CARES Act fraud, false claims fraud, employee benefits fraud, identity theft, and money laundering. During the investigation of these cases, I have participated in the execution of search and arrest warrants and have seized evidence as evidence, fruits, and/or instrumentalities of violations of federal law.

## PURPOSE OF AFFIDAVIT

3. I submit this affidavit in support of a criminal complaint against Jameela GROSS ("GROSS") for a violation of 18 U.S.C. § 1343 (wire fraud) (the "TARGET OFFENSE"). As

set forth below, there is probable cause to believe that GROSS committed the TARGET OFFENSE.

4. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and does not set forth all my knowledge about this matter.

## SUMMARY OF PROBABLE CAUSE

I. Relevant Individuals and Entities

5. GROSS lives in Boston, Massachusetts.

6. Prestamos CDFI, LLC ("Prestamos") is a financial institution based in Arizona. It was an approved lender of Paycheck Protection Program ("PPP") loans.

7. South Shore Bank is a financial institution based in Massachusetts.

II. The CARES ACT and the Paycheck Protection Program

8. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on March 29, 2020, designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

9. The CARES Act authorized forgivable loans to small businesses and non-profits for job retention and certain other expenses through the PPP.

10. To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and make certain affirmative certifications. In the PPP loan application, the small business, through its authorized representative, had to state, among other things, its number of employees and its average monthly

payroll expenses. These figures were used to calculate the amount of a PPP loan that the business was eligible to receive; typically, a business was eligible to receive a loan equal to two-and-a-half times its average monthly payroll expenses. In addition, businesses applying for a PPP loan had to provide documentation of their payroll expenses.

11. A PPP loan application had to be processed by a lender authorized by the U.S. Small Business Administration ("SBA"). If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100 percent guaranteed by the SBA. Data from the loan application was transmitted regularly by the lender to the SBA in the course of processing the loan.

12. PPP loan proceeds had to be used by the recipient business on certain permissible expenses, including payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be forgiven entirely if the business spent the loan proceeds on these permissible expenses within a designated period and used a certain percentage of the PPP loan proceeds on payroll expenses.

III. GROSS' Prestamos PPP Loan for $18,750

13. On or about April 14, 2021, GROSS applied for a PPP loan to Prestamos. Prestamos authorized the loan application package on April 14, 2021, approved of the loan's disbursement on April 29, 2021, and deposited the loan proceeds of $18,750 into GROSS' South Shore Bank checking account ending in 7584 ("7584 Account") on May 11, 2021.

14. According to the loan application, GROSS is the 100% owner of the company and listed the year of establishment as 2020. The application listed the address of the company as in Dorchester Center, Massachusetts. The application also provided GROSS's social security number, email address, and phone number.

15. The application stated that the company's gross income from 2020 was $90,000.

16. GROSS further checked on the application that she intended to use the proceeds for payroll costs, utilities, rent/mortgage, and other (GROSS did not specify what she meant by "other").

17. As part of the application, GROSS also submitted a Massachusetts Identification Card, number S10225532, issued on May 25, 2018.  In addition to a photo of the card, GROSS provided a selfie.  The individual in the selfie appears to be the same individual pictured in the identification card.

18. GROSS submitted an IRS Schedule C for the 2020 tax year. The Schedule C indicated GROSS' principal business was "Photography Studios, Portrait," the gross receipts from the business were $90,000, and the expenses included advertising in the amount of $25,000 and utilities in the amount $25,000, resulting in a net profit of $40,000.

19. Although IRS records do show records of tax returns filed under GROSS' social security number for the tax years 2019 and 2020, none of the tax returns identify any photography business. GROSS filed W-2s identifying employment with Abington Donuts Inc. and 110 Grill Management LLC in 2019.  In 2020, GROSS filed W-2s identifying employment with 110 Grill Management LLC, Guardian Security Services Inc., Dunkin Donuts, as well as a Schedule 1 identifying that she received unemployment compensation.[1]   In fact, the Schedule C GROSS submitted with her PPP application was not part of her 2020 tax return nor were

---

[1] On March 26, 2020, GROSS applied for COVID unemployment insurance ("UI") and listed the same social security number, identification card number, and phone number as her PPP application.  Within the application, GROSS listed her employment as 110 Grill Management LLC.  GROSS received $22,095 in UI in 2020 and $19,476 in 2021.  Of that amount, approximately $11,717 entered the 7584 Account.  On December 26, 2021, GROSS filed a new UI application, listing her employment as Dunkin Donuts, Stop and Shop, Popeyes Louisiana Kitchen, Inc., Goldfish Swim School, Guardian Security Services, and Mister Donut.  GROSS' application was denied.  Notably, in neither application did GROSS mention her photography business.

GROSS' gross profits from her photography business mentioned in her Individual Tax Return Form 1040. Therefore, I believe the Schedule C GROSS provided in support of her PPP loan application, which bears her name and social security number, was not filed with the IRS and prepared for the sole purpose of fraudulently obtaining the loan under fraudulent means.

20. According to records from South Shore Bank, the 7584 Account was opened on or about October 9, 2018. The account signature card does not mention the account being used for business purposes. GROSS provided the same Massachusetts Identification Card as proof of identification to open the 7584 Account. A review of the monthly statements for the 7584 Account for the period of December 21, 2019, through January 20, 2021, indicates that the 7584 Account was funded by several sources, none of which appeared consistent or having the characteristics of an ongoing business. These sources include ATM cash deposits, CashApp transfers, check deposits from temporary employment agencies, and Massachusetts DUA unemployment income. Further, the total deposits throughout this period totaled approximately $13,350, significantly less than the $90,000 GROSS claimed to have earned in 2020 in her application to Prestamos.

21. A review of the 7584 Account's activity from April 21, 2021, through May 20, 2021, was also conducted. During this period, on May 11, 2021, the account was credited $18,750 in PPP loan proceeds from Prestamos. The following day, May 12, 2021, GROSS withdrew $17,287 in cash from South Shore Bank's Wollaston Branch in Quincy, Massachusetts. According to bank documents, at the time of the withdrawal, GROSS presented her Massachusetts Identification Card and explained to the bank teller the cash was withdrawn for a bill payment. The teller offered GROSS a bank check, but GROSS preferred cash. In addition to this withdrawal of nearly all the loan proceeds, GROSS also withdrew an additional $500 from two different ATMs later that day, $300 in Avon, Massachusetts and $200 in Brockton, Massachusetts. In addition to

$17,787 in cash withdrawals, GROSS transferred $600 to CashApp users "Lisa Mu" and "Jaquori." These uses of $18,387 in loan proceeds do not appear as acceptable uses of PPP funds for an ongoing business.

22. Finally, on February 17, 2021, approximately two months prior to the application date, the Boston Police Department executed a search warrant at the business address on GROSS' PPP application in Dorchester Center, Massachusetts. During the search, no evidence of a photography studio was observed at the location.

## CONCLUSION

23. Therefore, based on the information summarized herein, there is probable cause to believe that on or about April 14, 2021, JAMEELA GROSS knowingly and with the intent to defraud, executed a scheme to obtain money, funds, and property from the SBA by means of materially false and fraudulent representations, pretenses, and promises made in connection with the submission of her PPP loan applications in violation of 18 U.S.C. § 1343.

Christina Rosen
Special Agent
Department of Labor, Office of Inspector General

ATTESTED and SWORN to before me telephonically in accordance with the requirements of Fed. R. Crim. P. 4.1 on February 13, 2024.

Hon. Donald L. Cabell
Chief United States Magistrate Judge
District of Massachusetts